**LINDEMANN LAW FIRM, APC**
BLAKE J. LINDEMANN, SBN 255747
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: (310)-279-5269
Facsimile: (310)-300-0267
E-mail: blake@lawbl.com

Attorneys For Plaintiffs
CHUANJIE YANG, OLLIE LAN, LIU
LIU AND THOSE SIMILARLY
SITUATED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHUANJIE YANG, an individual; OLLIE LAN aka RUONING LAN, an individual; LIU LIU, and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKET AMERICA, INC., a North Carolina Corporation; MARKET AMERICA WORLDWIDE, INC., a North Carolina Corporation; JAMES HOWARD RIDINGER, an individual; LOREN RIDINGER, an individual; MARC ASHLEY, an individual; and DOES 1-100;<br><br>Defendants. | Case No: 2:17-cv-04012-GW(JEM)<br><br>Hon. George H. Wu<br><br>**EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF, THE DECLARATION OF EUGENE WALLACE AND CLEMENT D. ERHARDT**<br><br>Hearing Date: November 16, 2017<br>Time: 8:30 a.m.<br>Courtroom: 9D |

1   Plaintiffs Chuanjie Yang, Ollie Lan, and Liu Liu, submit the following

2   objections to the Declaration of Eugene Wallace ("<u>Wallace Decl.</u>"), Dkt. No. 62-2

3   (formerly 39-1) and the Declaration of Clement D. Erhartd ("<u>Erhardt Decl.</u>"), Dkt.

4   No. 39-2 (formerly 39-2).

5

6   **I.    DEFENDANTS' OPPOSITION RELIES ON INADMISSIBLE**
         **EVIDENCE**.

7

8   "When considering a motion to compel arbitration, a court applies a standard

9   similar to the summary judgment standard of Fed.R.Civ.P. 56." *Jurado v. Schutz*

10  *655, LLC*, 2017 WL 600076, *5 (C.D. Cal. Feb. 13, 2017) (*quoting Concat LP v.*

11  *Unilever, PLC*, 350 F.Supp.2d 796, 804 (N.D. Cal. 2004).

12  It is fundamental that trial courts "can only consider admissible evidence in

13  ruling on a motion for summary judgment." *Orr v. Bank of Am.*, 285 F.3d 764, 773

14  (9th Cir. 2002) (emphasis added); *see also*, *e.g.*, *Beyene v. Coleman Sec. Services,*

15  *Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988); *see also* Fed. R. Civ. P. 56(c); Fed. R.

16  Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United

17  States); Fed. R. Evid. 1101 (listing exceptions to Rule 101).

18  Hearsay, unauthenticated documents, out-of-context excerpts, and evidence

19  with no foundation will not suffice, and are not to be considered by the court in

20  ruling on summary adjudication. *See Block v. City of Los Angeles*, 253 F.3d 410,

21  418-19 (9th Cir. 2001) (deciding that consideration of a declaration's facts not based

22  on personal knowledge was an abuse of discretion because such facts were

23  inadmissible). Much of the evidence on which Defendants attempt to rely fails to

24  meet the minimum threshold requirements of admissibility, as set forth below.

25  **II.    LAY OPINION/LEGAL CONCLUSIONS**

26  Legal conclusions are not admissible evidence. *See Pierce v. Kaiser Found.*

27  *Hospitals*, CV 09-03837 WHA, 2010 WL 4590930, at *8 (N.D. Cal. Nov. 4, 2010),

28  aff'd, 470 F. App'x 649 (9th Cir. 2012) (excluding numerous declarant statements

containing inadmissible legal conclusions). The Declarants, without any legal expertise, repeatedly purport to state legal conclusions revenues, and other legal issues, and the legal effects of documents supposedly relevant to this dispute. *See* Fed. R. Evid. 701; *see also Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (lay opinion construing contract provisions is inadmissible); Pierce, 2010 WL 4590930, at *8 (declaration that opponent "breached" agreement or "violated" laws is inadmissible legal conclusion).

## III.   EVIDENCE MUST BE RELEVANT AND PROPERLY AUTHENTICATED

Irrelevant evidence cannot be considered in summary judgment proceedings. *See* Fed. R. Evid. 402; *see also Smith v. Hughes Aircraft Co.*, 22 F.3d 1432, 1439 (9th Cir. 1993) (affirming trial court's refusal to consider irrelevant evidence on summary judgment); *Uche-Uwakwe v. Shinseki*, 972 F. Supp. 2d 1159, 1165 (C.D. Cal. 2013) (sustaining objection that statement filed in support of motion for summary judgment was inadmissible for lack of relevance and foundation).

## IV.   LACK OF PERSONAL KNOWLEDGE/FOUNDATION

A fact witness may not testify to a matter unless the witness has personal knowledge of the matter. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c) ("declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Orr*, 285 F.3d at 774 & n.9; *Express, LLC v. Fetish Grp., Inc.*, 464 F. Supp. 2d 965, 973 (C.D. Cal. 2006) ("Declarations submitted in conjunction with summary judgment proceedings must . . . be based on personal knowledge"). Further, "[a] declarant's mere assertions that he or she possesses personal knowledge and competency to testify are not sufficient." *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1023 (N.D. Cal. 2006). A declarant must show personal knowledge and competency "affirmatively," under Rule 56, for

example, by "the nature of the declarant's position and nature of participation in matter." *Id*.; *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (inferring personal knowledge from affiants' "positions and the nature of their participation in the matters to which they swore").

## V.   SPECULATIVE AND CONCLUSORY STATEMENTS

The unsupported, speculative, and conclusory statements and claims of opposing parties and their attorneys are not evidence and do not raise a genuine issue of material fact sufficient to preclude summary judgment.   *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (The purpose of Rule 56(e) is "not to replace conclusory allegations of the complaint with conclusory allegations of an affidavit."). Rather, "[w]here the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 902 F. Supp. 2d 1286, 1290-91 (N.D. Cal. 2012) (emphasis added) (*citing Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007)). *Cf. Orr*, 285 F.3d at 783 ("To defeat summary judgment, [one opposing summary judgment] must respond with more than mere hearsay and legal conclusions") (internal quotation and citation omitted); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 320 (C.D. Cal. 2004) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment").

## VI.   HEARSAY

Generally, "inadmissible hearsay evidence may not be considered on a motion for summary judgment." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 n.4 (9th Cir. 1995); *see also Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980) ("hearsay evidence is inadmissible and may not be considered by this court on review of a summary judgment"); *In re Cypress Semiconductor, Inc. Sec. Litig.*, 891 F. Supp. 1369, 1374 (N.D. Cal. 1995) (hearsay

1  evidence cannot be considered in summary judgment proceedings), *aff'd sub nom*,
2  *Eisenstadt v. Allen*,, 113 F.3d 1240 (9th Cir. 1997).

3  ## VII.  UNAUTHENTICATED DOCUMENTS

4  Authentication or identification is a condition precedent to the admissibility
5  of a document. Fed. R. Evid. 901. "We have repeatedly held that unauthenticated
6  documents cannot be considered in a motion for summary judgment." *Orr*, 285 F.3d
7  at 773 (affirming summary judgment where Plaintiff's opposing evidence is
8  unauthenticated and therefore inadmissible); *see also Cristobal v. Siegel*, 26 F.3d
9  1488, 1494 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
10  896 F.2d 1542, 1550-51 (9th Cir. 1990); *Canada v. Blain's Helicopters, Inc.*, 831
11  F.2d 920, 925 (9th Cir. 1987); *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684,
12  686 (9th Cir. 1976); *see also* Fed. R. Civ. P. 56(e).

13  To be considered by the court, "documents must be authenticated by and
14  attached to an affidavit that meets the requirements of [Rule] 56(e) and the affiant
15  must be a person through whom the exhibits could be admitted into evidence."
16  *Blain's Helicopters*, 831 F.2d at 925 (citation and quotation omitted). A document
17  which lacks a proper foundation to authenticate it cannot be used to support a
18  motion for summary judgment. *Id*.; *Hamilton*, 539 F.2d at 686; *United States v.*
19  *Dibble*, 429 F.2d 598, 601-602 (9th Cir. 1970); *Hal Roach Studios*, 896 F.2d at
20  1550-1551. Moreover, a document cannot be authenticated by one who does not
21  have personal knowledge of its authenticity. The foundation is laid for receiving a
22  document in evidence by the testimony of a witness with personal knowledge of the
23  facts who attests to the identity and due execution of the document and, where
24  appropriate, its delivery. *Dibble*, 429 F.2d at 602.

25  ## VIII.  BEST EVIDENCE RULE

26  The "best evidence rule" requires that contents of documents must be proved
27  by producing the document itself. Fed. R. Evid. 1001, 1002.

28

## IX.   SPECIFIC OBJECTIONS TO WALLACE DECL.

| Obj. # | Declaration Cite | Grounds For Objection |
|---|---|---|
| 1 | ¶ 3 (Wallace Decl.)  "Distributors have the option to sign up as a distributor online by executing the Independent Distributor Agreement and Application … or to fill out a paper agreement and mail the executed agreement to Market America….Chuanjie Yang, Ruoning Lan, and Liu Liu all signed up online through the Sign-up Wizard." | <u>Best Evidence Rule</u>.  The best evidence of what MA does are the documents and communications between the parties.<br><br><u>Calls For Speculation and Lacks Foundation</u>.  Mr. Wallace's statement is vague as to time and speculates as to a matter of sign up (among distributors of MA) that he does not have personal knowledge.  Mr. Wallace lacks personal knowledge as to the sign-up process in the Chinese American community.<br><br>Lack of Personal Knowledge.  Mr. Wallace has no personal knowledge that the Plaintiff's "signed up online" |
| 2 | ¶ 4 (Wallace Decl.)  "Chuanjie Yang's signup," "indicates the date that Yang selected 'I Agree' to the terms and conditions and submitted the agreement."  "Yang agreed to the Terms and Conditions of the Agreement and signed up online."  "Exhibit A is a screenshot of Market America's electronic record of Chuanjie Yang's signup." | <u>Calls For Speculation and Lacks Personal Knowledge</u>.<br><br>Mr. Wallace lacks personal knowledge as to each of these statements and he is speculating in each phrase.<br><br><u>Hearsay</u>.  Defendant seeks to offer several vague and ambiguous out of court statement to prove the truth of the matter asserted, that Chuanjie operated the computer |

| | | | |
|---|---|---|---|
| | | | to sign up. |
| | | | <u>Calls For Legal Conclusion</u> |
| | | | As to what Yang agreed to. |
| | | | <u>Authenticity</u> |
| | | | Plaintiff objects to the authenticity of the computer record, Exhibit A, and it should be disregarded for all purposes. Without discovery, Plaintiff objects to the admission of this document. |
| | 3 | ¶ 5 (Wallace Decl.)  "Lan's signup," "indicates the date that Lan selected "I Agree" to the terms and conditions and submitted the agreement."  "Lan agreed to the Terms and Conditions of the Agreement and signed up online."  "Exhibit B is a screenshot of Market America's electronic record of Lan's sign up." | <u>Calls For Speculation and Lacks Personal Knowledge</u>.<br><br>Mr. Wallace lacks personal knowledge as to each of these statements and he is speculating in each phrase.  Wallace has no personal knowledge of what Lan agreed to.<br><br><u>Hearsay</u>.  Defendant seeks to offer several vague and ambiguous out of court statement to prove the truth of the matter asserted.<br><br><u>Authenticity</u><br><br>Plaintiff objects to the authenticity of the computer record, Exhibit B, and it should be disregarded for all purposes. Without discovery, Plaintiff objects to the admission of this document. |

| | | | |
|---|---|---|---|
| | | | Calls For Legal Conclusion<br>As to what Lan agreed to.<br>As to what Yang agreed to. |
| | 4 | ¶ 8 (Wallace Decl.)  "The following is the process by which a distributor signs up online." | Vague and Ambiguous.  Vague and ambiguous as to the process.<br><br>Lack of Personal Knowledge.<br><br>Lacks personal knowledge as to how a distributor signs up online. |
| | 5 | ¶ 9 (Wallace Decl.)  "The Agreement grants distributors the right to sell certain products offered by Market America." | Vague.  Vague and ambiguous as to certain products.<br><br>Calls For Legal Conclusion.<br>Calls for legal conclusion as to what is "granted" by the agreement. |
| | 6 | ¶ 10 (Wallace Decl.)  "The Terms and Conditions of the Agreement grants both parties the right to terminate the agreement for any reason by providing 30 days notice." | Calls For Legal Conclusion.<br>Calls for legal conclusion as to what is "granted" by the agreement, and right to terminate. |
| | 7 | ¶11  (Wallace Decl.)  "The terms and conditions of the Agreement give Market America the discretion to modify the Agreement's terms and conditions, but require Market America to notify distributors that it is modifying the agreement." | Calls For Legal Conclusion.<br>Calls for legal conclusion as to what is "given."<br><br>Best Evidence Rule.<br>The document speaks for itself, and the best evidence is the actual terms of the Agreement, and the Career Manual, not a speculative opinion of what the document says and means. |

| 8 | ¶ 12 (Wallace Decl.) "The Agreement's choice of law provision reads as follows…" | <u>Vague and Ambiguous</u>.  Vague as to "the Agreement's choice of law provision."  Document speaks for itself.<br><br><u>Calls For Legal Conclusion</u>. Calls for legal conclusion as to "the Agreement's choice of law provision."<br><br><u>Best Evidence Rule</u>. The document speaks for itself, and the best evidence is the actual terms of the Agreement, and the Career Manual, not a speculative opinion of what the document says and means. |
| 9 | ¶ 13 (Wallace Decl.) "The Agreement's arbitration provision reads as follows…" | <u>Calls For Legal Conclusion</u>. Calls for legal conclusion as to "the Agreement's arbitration provision."  Document speaks for itself.<br><br><u>Vague and Ambiguous</u>. Arbitration encompasses other provisions of the agreement.<br><br><u>Best Evidence Rule</u>. The document speaks for itself, and the best evidence is the actual terms of the Agreement, and the Career Manual, not a speculative opinion of what the document says and means. |
| 10 | ¶ 15 (Wallace Decl.) "Until the checkbox was selected Yang, Lan, and | <u>Vague and Ambiguous</u>.  Vague and ambiguous as to the same |

| | | | |
|---|---|---|---|
| | | Liu were not able to submit the Agreement or complete the Application."  "Yang, Lan, and Liu clicked the checkbox indicating acceptance of terms and conditions, which specifically designates arbitration as the sole method for resolving any disputes," "and chooses North Carolina as governing law and sole venue."<br><br>"Same requirement and functionality has been in place." | requirement and functionality has been in place.<br><br><u>Lack of Personal Knowledge</u>.<br><br>Lacks personal knowledge as to how a distributor signs up online, what was clicked by who, and lacks personal knowledge as to each statement in this paragraph.<br><br><u>Calls For Legal Conclusion</u>. As to "sole venue", "agreed," were not able to submit the agreement, same requirement and functionality has been in place<br><br><u>Best Evidence Rule</u>. The document speaks for itself, and the best evidence is the actual terms of the Agreement, and the Career Manual, not a speculative opinion of what the document says and means. |
| | 11 | ¶14  (Wallace Decl.)  "Yang signed and mailed his annual renewal form," "which Yang agreed." | <u>Lack of Personal Knowledge And Calls For Speculation</u>.<br><br>Lacks personal knowledge as to what Yang signed and mailed, and to what he agreed.<br><br><u>Calls For Legal Conclusion</u><br><br>As to what Yang agreed. |

| 12 | ¶16 (Wallace Decl.) "Yang renewed his Agreement with Market America each year until 2015. In 2010 and 2011, i.e. Before Auto Renewal was an option- Yang signed and mail his annual renewal form to Market America." | <u>Lack of Personal Knowledge And Calls For Speculation</u>. Lacks personal knowledge as to what Yang opted into renew each year and to what he clicked. |
|---|---|---|
| | ¶17 (Wallace Decl.) "Yang opted in to renew his agreement each year. Before opting in, Yang clicked I agree." | <u>Calls For Legal Conclusion</u> As to what Yang agreed. <u>Authenticity</u> Yang did not execute p. 22 of the Wallace Decl. |
| 13 | ¶18 (Wallace Decl.) "Distributors can access the terms and conditions of the Agreement at any time." | <u>Lack of Personal Knowledge And Calls For Speculation</u>. Lacks personal knowledge as to what distributors can access to at any time. |
| 14 | ¶19 (Wallace Decl.) "Yang faxed a letter requesting to cancel his distributorship." | <u>Lack of Personal Knowledge And Calls For Speculation</u>. Lacks personal knowledge as to what Yang "faxed." <u>Calls For Legal Conclusion</u> As to whether Yang canceled distributorship. <u>Authenticity</u> Plaintiff's dispute the authenticity of this document. This is not Yang's handwriting |

| | | | |
|---|---|---|---|
| | | | on page 23. |
| 15 | ¶20 (Wallace Decl.) "Market America's records indicate that Lan did not renew the Agreement in November of 2016. Therefore, Lan is currently listed as inactive in Market America's system." | Lack of Personal Knowledge And Calls For Speculation. That Lan did not renew, or as a matter of law she is not deemed renewed. Best Evidence Rule Market America's claims the records reflect, but no records were provided. |
| 16 | ¶21 (Wallace Decl.) "Market America's records indicate that Liu did not renew the Agreement in March of 2017. Therefore, Lan is currently listed as inactive in Market America's system." | Lack of Personal Knowledge And Calls For Speculation. That Liu did not renew, or as a matter of law she is not deemed renewed. Best Evidence Rule Market America's claims the records reflect, but no records were provided. |

| 17 | ¶6 (Wallace Decl.) "Exhibit C shows the information associated with Lan's distributorship." | Vague and Ambiguous<br><br>"information associated with Lan's distributorship."<br><br>Authenticity<br><br>Without discovery, Lan is unable to verify this document.<br><br>Calls For Speculation/Lack of Foundation<br><br>"When Lan signed." |
| 18 | ¶ 7 (Wallace Decl.) "Liu's signup," "indicates the date that Liu selected "I Agree" to the terms and conditions and submitted the agreement." "Liu agreed to the Terms and Conditions of the Agreement and signed up online." "Exhibit D is a screenshot of Market America's electronic record of Lan's sign up." | Calls For Speculation and Lacks Personal Knowledge.<br><br>Mr. Wallace lacks personal knowledge as to each of these statements and he is speculating in each phrase. Wallace has no personal knowledge of what Liu agreed to.<br><br>Hearsay. Defendant seeks to offer several vague and ambiguous out of court statement to prove the truth of the matter asserted.<br><br>Authenticity<br><br>Plaintiff objects to the authenticity of the computer record, Exhibit B, and it should be disregarded for all purposes. Without discovery, Plaintiff objects to the admission of this document. |

| 19 | ¶ 14 (Wallace Decl.) "Arbitration provision or the choice of law provision from 2010 to 2016" | <u>Vague and Ambiguous</u><br><br>As to which of the various arbitration and choice of law provisions in the DA and the Career Manual Wallace is referring to. |
| --- | --- | --- |
| 20 | All Exhibits Attached to Wallace Decl. | <u>Authenticity</u><br>Based on the fact the Defendants have already submitted declarations with documents that Plaintiffs did not sign, this calls into question the veracity of all documents without adequate discovery. |

## X.   SPECIFIC OBJECTIONS TO ERHARDT DECL.

| Obj. # | Declaration Cite | Grounds For Objection |
| --- | --- | --- |
| 21 | ¶ 4 (Erhardt Decl.) "Market America has a distributor agreement…" | <u>Vague and ambiguous</u>.  As to which "agreement" is being referred to. |
| 22 | ¶ 5 (Erhardt Decl.) "Enters into an agreement when it accepts… the completed documentation." "The paper forms include." "Term of one year" | <u>Vague and ambiguous</u>.  As to which "agreement" is being referred to.  Vague as to "completed documentation."  Vague as to what "paper form includes."  Vague as to the "agreement that has been utilized."<br><br><u>Calls For A Legal Conclusion</u>. As to when a contract is "entered." |

| | | | |
|---|---|---|---|
| | | | Best Evidence Rule<br>Term of one year  - document speaks for itself. |
| | 23 | ¶ 6 (Erhardt Decl.)  "The Agreement sets out the general, high-level terms between Market America and its independent distributors." | Vague and ambiguous as to "high level terms"<br><br>Vague as to some of the terms relate to Federal regulatory requirement.<br><br>Best Evidence Rule<br><br>Other provisions touch upon. What the document says is the best evidence.  Document speaks for itself. |
| | 24 | ¶ 7 (Erhardt Decl.)  "Formation and execution of the agreement"; "No way to become" | Vague and ambiguous as to what agreement.<br><br>Lack of personal knowledge/Calls for speculation as to the procedures and processes of Market America upper lines in the San Gabriel area.  This witness lacks specific and personal knowledge as to procedures that happen at the bottom of the pyramid, and at a granular level. |
| | 25 | ¶ 8 (Erhardt Decl.)  "Forum selection clause providing that it is governed by the laws of North Carolina." | Calls for a legal conclusion as to which law applies. |
| | 26 | ¶ 9 (Erhardt Decl.)  "Career Manual lists" "Career Manual gets granular," "details not included," "teaches policies." | Best Evidence Rule<br><br>What the Career Manual and DA provide speaks for itself in the document. |

| | | | |
|---|---|---|---|
| | | | Hearsay<br><br>Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiff's circumstances. |
| | 27 | ¶ 10 (Erhardt Decl.)  "How to guide." "Market America prides itself on being systematized and standardized"; "Career Manual is an important part" | Best Evidence Rule<br><br>What the Career Manual provides speaks for itself in the document.<br><br>Hearsay<br><br>Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiff's circumstances. |
| | 28 | ¶ 11 (Erhardt Decl.) "Career Manuals are utilized by virtually every direct sales company."  "Career Manual protects marker America's intellectual property, serves as the basis for distributor training, and defines standards of conduct."<br><br>"Detailed specific, clear and readable.  It helps insure the distributor's understanding of the business of direct selling." | Best Evidence Rule<br><br>What the Career Manual provides speaks for itself in the document.<br><br>Hearsay<br><br>Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply) to Plaintiffs' circumstances. |

| | | |
|---|---|---|
| 29 | ¶ 12 (Erhardt Decl.) "Spell out rights and responsibilities." In an "open and transparent way." | **Best Evidence Rule**<br><br>What the Career Manual provides speaks for itself in the document.<br><br>**Hearsay**<br><br>Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiffs') circumstances. |
| 30 | ¶ 13-22 (Erhardt Decl.) "Detailed nature" "Evolving business model" "questions of interpretation" "de-centralized nature of direct sale and interrelationship of people and technology" "Disputes can arise" "Corporate employees do their best to resolve distributor inquiries internally" "Services reps have limited discretion." "In most cases, controversies are settled at those levels." | **Best Evidence Rule**<br><br>What the Career Manual and DA provide speaks for itself in the document.  The DA incorporates the Career Manual which requires grievance procedure.<br><br>**Hearsay**<br><br>Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiffs' circumstances). |
| 31 | ¶15 (Erhardt Decl.):  Are limited to "internal policies and procedures and procedures in career manual. | **Best Evidence Rule**<br><br>What the Career Manual and DA provide speaks for itself in the document.  The DA incorporates the Career Manual which requires grievance procedure.<br><br>**Hearsay** |

| | | |
|---|---|---|
| | | Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiffs' circumstances).<br><br>Calls For Speculation/Lack of Foundation.<br>Speculative as to how the policies are limited and to whom. |
| | ¶15 (Erhardt Decl.):  Are limited to "internal policies and procedures and procedures in career manual." | Best Evidence Rule<br><br>What the Career Manual and DA provide speaks for itself in the document.  The DA incorporates the Career Manual which requires grievance procedure.<br><br>Hearsay<br><br>Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiffs' circumstances).<br><br>Calls For Speculation/Lack of Foundation.<br>Speculative as to how the policies are limited and to whom. |
| | ¶ 16 (Erhardt Decl.):  Issues handled by the dispute Resolution Board arise exclusively under the Career Manual not under the Agreement. | Best Evidence Rule<br><br>What the Career Manual and DA provide speaks for itself in the document.  The DA |

| | | incorporates the Career Manual which requires grievance procedure. |
|---|---|---|
| | | Hearsay |
| | | Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiffs' circumstances). |
| | | Calls For Speculation/Lack of Foundation. Speculative as to how the policies are limited and to whom. |
| | | Calls for Legal Conclusion |
| | | Vague and Ambiguous. |
| | | "As to issues arise." |
| | ¶ 16 (Erhardt Decl.): "never been considered applicable to anything other than interpretation of Market America's Career Manual"  (Calls for legal conclusion, vague and ambiguous). | Best Evidence Rule |
| | | What the Career Manual and DA provide speaks for itself in the document.  The DA incorporates the Career Manual which requires grievance procedure. |
| | | Hearsay |
| | | Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiffs' circumstances). |

| | | |
|---|---|---|
| | | Calls For Speculation/Lack of Foundation. Speculative as to how the policies are limited and to whom.<br><br>Calls for Legal Conclusion |
| | ¶ 17 (Erhardt Decl.) "challenging the overall legality of Market America's business opportunity and not any granular internal policy of the company." | Calls for Legal Conclusion<br><br>Vague and Ambiguous. Granular internal policy of the company.<br><br>Hearsay<br><br>Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiffs' circumstances).<br><br>Best Evidence Rule<br><br>What the Career Manual and DA provide speaks for itself in the document. The DA incorporates the Career Manual which requires grievance procedure. |
| | ¶ 17 (Erhardt Decl.) "Does not consider, to fall within the scope of the internal dispute resolution." | Calls for Legal Conclusion<br><br>Vague and Ambiguous. Granular internal policy of the company.<br><br>Hearsay<br><br>Out of court statement (what the |

| 1 | | | Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiffs' circumstances). |
|---|---|---|---|

Best Evidence Rule

What the Career Manual and DA provide speaks for itself in the document.  The DA incorporates the Career Manual which requires grievance procedure.

| ¶ 18 (Erhardt Decl.) "have been handled differently."

"subject to arbitration" | Calls for Legal Conclusion

Subject to arbitration.

Vague and Ambiguous.
"handled differently."

Hearsay

Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiffs' circumstances).

Best Evidence Rule

What the Career Manual and DA provide speaks for itself in the document.  The DA incorporates the Career Manual which requires grievance procedure. |

| | | |
|---|---|---|
| | ¶ 19  (Erhardt Decl.) "was and remains mutual"<br><br>¶ 19 (Erhardt Decl.) "Does not set out any fees, limit the scope of arbitration or shorten any limitation" | Calls for Legal Conclusion<br><br>"Remains mutual."<br><br>Subject to arbitration.<br><br>Hearsay<br><br>Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiffs' circumstances).<br><br>Calls For Speculation Lack of Foundation<br><br>As to who this applies to.<br><br>Best Evidence Rule<br><br>What the Career Manual and DA provide speaks for itself in the document.  The DA incorporates the Career Manual which requires grievance procedure.  Document speaks for itself.<br><br>In fact, the career manual expressly shortens the statute of limitation. |
| | ¶ 21 (Erhardt Decl.) "not a condition precedent" | Calls for Legal Conclusion<br><br>Hearsay<br><br>Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't |

| | | apply to Plaintiffs' circumstances). |
|---|---|---|
| | | **Best Evidence Rule** |
| | | What the Career Manual and DA provide speaks for itself in the document.  The DA incorporates the Career Manual which requires grievance procedure.  Document speaks for itself. |
| | | Distribution Agreement states this procedure is a condition. |
| | ¶ 22 "Career Manual Does not apply to the dispute."  "Instead, a distributor is required to pursue arbitration" | **Calls for Legal Conclusion** **Hearsay** Out of court statement (what the Career Manual does) offered to prove the truth of the matter asserted (that it somehow didn't apply to Plaintiffs' circumstances). |
| | | **Best Evidence Rule** |
| | | What the Career Manual and DA provide speaks for itself in the document.  The DA incorporates the Career Manual which requires grievance procedure.  Document speaks for itself. |
| | | Distribution Agreement states this procedure is a condition. |
| | All Exhibits Attached to Erhardt Decl. | **Authenticity** Based on the fact this is not the |

| | | Career Manual Plaintiff Yang had, it calls into question every exhibit attached to the Declaration based on authenticity.  Discovery is required on all of these issues. |
|---|---|---|

Respectfully submitted,

Date:    October 26, 2017            LINDEMANN LAW FIRM, APC
                                     BLAKE J. LINDEMANN


                              By:  /s/ *Blake J. Lindemann*

                                     Blake J. Lindemann
                                     ATTORNEYS FOR PLAINTIFFS
                                     CHUANJIE YANG, OLLIE LAN,
                                     AND LIU LIU

Date:    October 26, 2017            LAW OFFICE OF DAREN M.
                                     SCHLECTER
                                     DAREN M. SCHLECTER


                              By:  /s/ *Daren M. Schlecter*

                                     Daren M. Schlecter
                                     ATTORNEYS FOR PLAINTIFFS
                                     CHUANJIE YANG, OLLIE LAN,
                                     AND LIU LIU

1    Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), the filing attorney certifies that

2 all other signatories listed, and on whose behalf this filing is submitted, concur in

3 this filing's content and have authorized its filing.

4

5 Date:    October 26, 2017

6

LINDEMANN LAW FIRM, APC
BLAKE J. LINDEMANN

7    By:  /s/ Blake J. Lindemann _____

8    Blake J. Lindemann
ATTORNEYS FOR PLAINTIFFS
9 CHUANJIE YANG, OLLIE LAN,
AND LIU LIU

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28